1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SUSAN ADAMS,

11            Plaintiff,                    No. CIV S-11-0731 DAD (TEMP)

12        vs.

13
     MICHAEL J. ASTRUE,
14   Commissioner of Social Security,

15            Defendant.                    ORDER

16   _____/

17            This social security action was submitted to the court without oral argument for

18   ruling on plaintiff's motion for summary judgment or remand and defendant's cross-motion for

19   summary judgment.  For the reasons explained below, the court will grant plaintiff's motion for

20   summary judgment or remand, deny the Commissioner's cross-motion for summary judgment,

21   and remand the case under sentence four of 42 U.S.C. § 405(g) for further proceedings.

22                            **PROCEDURAL BACKGROUND**

23            On September 27, 2007, plaintiff filed applications for Disability Insurance

24   Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social

25   Security Act (the Act), alleging disability beginning on April 20, 2007.  (Transcript (Tr.) at 101-

26   113.)  The application was denied initially and upon reconsideration.  (Tr. at 64-65.)  A hearing

1

was held before Administrative Law Judge (ALJ) Michael J. Seng on July 15, 2009.  (Tr. at 19-49.)  Plaintiff was represented by counsel and testified at the hearing.  In a decision dated October 16, 2009, the ALJ found that plaintiff was not disabled.  (Tr. at 10-18.)  The ALJ entered the following findings (citations to CFR omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.
>
> 2.  The claimant has not engaged in substantial gainful activity since April 20, 2007, the alleged onset date.
>
> 3.  The claimant suffers from bipolar disorder and degenerative disc disease of the left knee, severe impairments within the meaning of the regulations.
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform unskilled, sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).
>
> 6.  The claimant is unable to perform any past relevant work.
>
> 7.  The claimant was born on January 3, 1968 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.
>
> 8.  The claimant has at least a high school education and is able to communicate in English.
>
> 9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.
>
> 10.  Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> 11.  The claimant has not been under a disability, as defined in the Social Security Act, at any time from April 20, 2007 through the date of this decision.

(Tr. at 16-18.)

1    On January 14, 2011, the Appeals Council denied plaintiff's request for review of

2  the ALJ's decision.  (Tr. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g)

3  by filing the complaint in this action on March 16, 2011.

4                                    **LEGAL STANDARD**

5    The Commissioner's decision that a claimant is not disabled will be upheld if the

6  findings of fact are supported by substantial evidence in the record as a whole and the proper

7  legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

8  (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

9  The findings of the Commissioner as to any fact, if supported by substantial evidence, are

10  conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

11  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

12  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

13  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

14  (1971)).

15    A reviewing court must consider the record as a whole, weighing both the

16  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

17  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19  substantial evidence supports the administrative findings, or if there is conflicting evidence

20  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

21  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

23  1335, 1338 (9th Cir. 1988).

24    In determining whether or not a claimant is disabled, the ALJ should apply the

25  five-step sequential evaluation process established under Title 20 of the Code of Federal

26  Regulations, Section 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The five-step

process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff argues that the ALJ committed three principal errors in finding her not disabled:  (1) the ALJ improperly evaluated the medical evidence by failing to discuss the opinions of her treating physician Dr. Murphy and treating therapist Billy Wilson, Jr., LMFT, and by rejecting the opinion of treating therapist Toni Childs, LMFT; (2) the ALJ failed to set forth germane reasons for rejecting the lay witness testimony of her mother, and (3) the ALJ improperly utilized the GRIDS in finding plaintiff is not disabled and should have obtained the testimony of a vocational expert.  As more fully explained below, the court concludes that the ALJ's failure to properly consider the opinions of plaintiff's treating physician and therapist undermines the ALJ's entire evaluation of the medical evidence and for this reason, the matter

4

1   will be remanded for further proceedings.[1]

2          In determining that plaintiff is not disabled, the ALJ recognized that plaintiff has

3   "significant psychological impairments," but concluded that "with regular and ongoing treatment

4   and adherence to prescribed medication regimens," plaintiff is not disabled.  (Tr. at 14-15.)  In

5   reaching this conclusion, the ALJ purportedly relied on the opinion of examining psychiatrist Sid

6   Cormier, Ph.D., who examined plaintiff on December 20, 2007.  (Tr. at 190-194.)  The ALJ's

7   opinion makes no reference to the later rendered opinions of plaintiff's treating physician Dr.

8   Murphy (dated July 8, 2009) and treating therapist Billy Wilson, Jr., LMFT (dated July 13,

9   2009).  (Tr. at 337-339.)

10          It is well established that the weight to be given to medical opinions depends in

11  part on whether they are proffered by treating, examining, or non-examining professionals.

12  Lester, 81 F.3d at 830.  "As a general rule, more weight should be given to the opinion of a

13  treating source than to the opinion of doctors who do not treat the claimant . . . ."  Id.  A treating

14  doctor is employed to cure and has a greater opportunity to know and observe the patient as an

15  individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894

16  F.2d 1059, 1063 (9th Cir. 1990).  Of course, the ALJ need not give controlling weight to

17  conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111,

18  1113-14 (9th Cir. 1999); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

19          "At least where the treating doctor's opinion is not contradicted by another doctor,

20  it may be rejected only for 'clear and convincing' reasons."  Lester, 81 F.3d at 830 (quoting

21  Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991)).  "Even if the treating doctor's opinion

22  is contradicted by another doctor, the Commissioner may not reject this opinion without

23  providing 'specific and legitimate reasons' supported by substantial evidence in the record for so

24
25          [1] On remand, the ALJ should address the laywitness testimony of plaintiff's mother, and set forth germane reasons if such testimony is discounted.  See  Regennitter v. Comm'r of Soc.
26  Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

1    doing." Lester, 81 F.3d at 830 (quoting Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)).

2    If a treating professional's opinion is contradicted by an examining professional's opinion that is

3    supported by different, independent clinical findings, the ALJ may resolve the conflict. Andrews

4    v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes, 881 F.2d at 751). The opinion

5    of a non-examining professional, without other evidence, is an insufficient basis for rejecting the

6    opinion of either a treating or examining professional. Lester, 81 F.3d at 831.

7         "When an examining physician relies on the same clinical findings as a treating

8    physician, but differs only in his or her conclusions, the conclusions of the examining physician

9    are not 'substantial evidence.'" Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). "Independent

10   clinical findings can be either (1) diagnoses that differ from those offered by another physician

11   and that are supported by substantial evidence or (2) findings based on objective medical tests

12   that the treating physician has not herself considered." Id. (citations omitted).

13        Here, the ALJ purportedly relied on the opinion of examining psychiatrist Dr.

14   Cormier in finding plaintiff is not disabled. The ALJ summarized that "a reasonable and fully

15   informed reading of all the evidence leads one to the conclusion suggested by Dr. Cormier: that

16   the [plaintiff's] bipolar disorder can impose and has on occasion imposed major impediments to

17   her performance of work activity; however, with proper intervention and treatment and the

18   [plaintiff's] compliance with medical treatment regimens, her functional difficulties have not and

19   should not in the future continue at a disabling level of severity for a continuous period of twelve

20   months." (Tr. at 15.) In an opinion dated December 20, 2007, Dr. Cormier had opined that

21   plaintiff's "untreated bipolar disorder may significantly impair her current ability to perform not

22   only complex and detailed tasks but simple and repetitive ones as well." (Tr. at 193.) Dr.

23   Cormier concluded his narrative report with a recommendation that plaintiff seek treatment and

24   counseling for her bipolar disorder and opined that "[w]ith proper intervention her functional

25   status may significantly improve with the next six months." (Tr. at 194.) Plaintiff sought

26   treatment, was prescribed medication for her psychiatric disorder, and obtained counseling with

                                         6

1   therapists Childs and Wilson.  (Tr. 232-259, 311-339.)

2          Plaintiff's treating physician Dr. Murphy noted in a doctor's certificate dated

3   July 8, 2009, that plaintiff had been under Dr. Murphy's care since December 28, 2007 and

4   opined that nonetheless plaintiff is "unable to focus, follow through, tolerate minor stressors

5   related to work as IHSS worker." (Tr. at 337.)  Defendant is correct that Dr. Murphy's opinion

6   was related to IHSS work and the ALJ found that plaintiff should abstain from such work.  (Tr. at

7   16.)  Dr. Murphy also opined, however, that plaintiff had severe debilitating recurrent depression.

8   (Tr. at 337.)  In light of the ALJ's conclusion that plaintiff's psychiatric disorder was not

9   disabling if properly treated, the more recent July 8, 2009 opinion by her treating physician that

10  plaintiff was still suffering from debilitating recurrent depression, even with treatment, was

11  improperly disregarded by the ALJ.  Given the complete absence of any discussion of Dr.

12  Murphy's opinion in the ALJ's decision, the standards set forth above for evaluating record

13  medical evidence were not met here.

14         The ALJ also disregarded without comment the opinion of plaintiff's treating

15  therapist, Billy Wilson, Jr., LMFT.  Defendant is correct that treating therapist Wilson is not

16  considered an "acceptable source" but rather an "other source" of information under the

17  applicable regulations. 20 C.F.R. §§ 404.1513(a),(d) & § 416.913(a), (d).  Such evidence,

18  however, cannot be disregarded.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

19  2006); Smolen, 80 F.3d at 1288; Sprague, 812 F.2d at 1232.  Persons who see the claimant on a

20  regular basis are competent to testify as to their observations.  Regennitter v. Comm'r of Soc.

21  Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999); Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th

22  Cir. 1993).  Therapist Wilson also saw plaintiff for treatment on a regular basis in sixteen

23  sessions from February 27, 2009 to July 10, 2009.  (Tr. at 338.)  Therapist Wilson opined that

24  plaintiff's "inability to cope with her depression, anxiety and fear even with psychotropic

25  medications makes the possibility of improved functioning low at best for her future." (Tr. at

26  339.)

1    In failing to address, or even reference, the opinions of treating physician Dr.

2  Murphy or treating therapist Wilson, the ALJ erred.  See Curry v. Sullivan, 925 F.2d 1127, 1129

3  (9th Cir.1990) (harmless error analysis applicable in judicial review of social security cases); see

4  also Stout v. Commissioner SSA, 454 F.3d 1050, 1056 ((9th Cir. 2006) (where ALJ fails to

5  properly discuss competent lay testimony favorable to plaintiff, court cannot consider error to be

6  harmless unless it can confidently conclude no reasonable ALJ, when fully crediting testimony,

7  could have reached different disability determination).  Reviewing the record as a whole, it

8  appears that the ALJ's finding of disability was premised on the erroneous assumption that

9  plaintiff could perform work activities if she was properly medicated.  However, this conclusion

10  is undermined by the opinions of plaintiff's treating physician and therapist, who both opined in

11  July, 2009 (eighteen months after Dr. Cormier's opinion was rendered) that plaintiff, even with

12  the prescribed treatment, was incapable of performing work related activities.  Dr. Cormier

13  opined that "with proper intervention, [plaintiff's] functional status **may** significantly improve

14  within the next six months."  (Tr. at 194) (emphasis added).  The disregarded treating opinions

15  support a finding that even when subsequently properly medicated, plaintiff's condition had not

16  improved as hoped by the date of the ALJ's decision.  In light of this medical evidence of record,

17  the court cannot find that the ALJ's failure to address the treating physician's and therapists'

18  evidence is harmless error.

19                                          **CONCLUSION**

20    For the foregoing reasons, this matter will be remanded under sentence four of 42

21  U.S.C. § 405(g) for further development of the record and further findings addressing the

22  deficiencies noted above.

23    Accordingly, IT IS HEREBY IT IS HEREBY ORDERED that:

24    1.  Plaintiff's motion for summary judgment or remand (Doc. No. 20) is granted;

25    2.  Defendant's cross-motion for summary judgment (Doc. No. 24) is denied;

26  /////

1         3.  The Commissioner's decision is reversed; and

2         4.  This matter is remanded for further proceedings consistent with this order.

3 DATED: July 30, 2012.

4

5                                 _____

6                                   DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE

7 jmm
  adam0731.temp.ss.dad

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26